UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| CASEY LYNN CROW GHOST,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 1:24-CV-01016-CBK<br><br>ORDER |

Petitioner was convicted of first-degree murder and use of a firearm during a crime of violence that causes death. He was sentenced to life imprisonment on November 14, 2022. He appealed his convictions and sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Crow Ghost, 79 F.4th 927 (8th Cir. 2023). Petitioner filed in this matter a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and that motion is pending. Petitioner has filed a motion for testing items containing DNA evidence pursuant to 18 U.S.C. § 3600.

The Innocence Protection Act of 2004 (hereinafter, "the Act"), Pub. L. 108–405, title IV, § 411(a)(1), Oct. 30, 2004, 118 Stat. 2283, added a new chapter 228A to Title 18 of the United States Code, 18 U.S.C. §§ 3600, 3600A. The Act was amended as part of the Justice for All Reauthorization Act of 2016, PL 114-324, § 11, December 16, 2016, 130 Stat 1948. Pursuant to 18 U.S.C. § 3600(a), upon written motion by a person convicted of violating an offense and sentenced to imprisonment or death, "the court that entered the judgment of conviction shall order DNA testing" if the defendant meets all of the ten criteria. Petitioner has failed to meet several of those criteria.

In order to qualify for court ordered DNA testing, petitioner must assert that he is actually innocent on the offense of conviction. 18 U.S.C. § 3600(a)(1). Petitioner has failed to so allege.

> Petitioner must also show that the evidence to be tested:
>
> (A) was not previously subjected to DNA testing and the applicant did not knowingly fail to request DNA testing of that evidence in a prior motion for postconviction DNA testing; or
>
> (B) was previously subjected to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing.

18 U.S.C. § 3600(a)(3). The record shows that evidence was collected from the crime scene, along with samples of the DNA of the victim and the defendant, and was tested by Jeremy Fletcher, forensic DNA examiner at the FBI laboratory in Quantico, Virginia. The samples were collected on or after the discovery of the victim's body on December 15, 2020, and the DNA analysis was conducted some time before the June 14, 2021, forensic analysis report - which was filed as part of the government's notice of expert witness. Jeremy Fletcher testified at the trial in August 2022. Three years have passed since the forensic examination of the DNA evidence collected in this case. Petitioner has not requested or suggested that there is testing available using a new method or technology that is substantially more probative than the prior DNA testing.

> The Act further requires:
>
> (6) The applicant identifies a theory of defense that—
>
>> (A) is not inconsistent with an affirmative defense presented at trial; and
>> (B) would establish the actual innocence of the applicant of the Federal or State offense referenced in the applicant's assertion under paragraph (1).
>
> (7) If the applicant was convicted following a trial, the identity of the perpetrator was at issue in the trial.

18 U.S.C. § 3600(a)(6), (7). Petitioner testified at trial that the victim's death was accidental, resulting from the discharge of a firearm while defendant and the victim were wrestling over the firearm. The identity of the person pulling the trigger resulting in the victim's death was not at issue. DNA testing was presented in the government's case in

chief as evidence that the defendant was the perpetrator. However, after the petitioner testified at his trial, identity was no longer at issue. Therefore, further DNA testing would not show that the petitioner was actually innocent of causing the death of the victim. Petitioner admitted both at trial and in two pretrial statements that he had pulled the trigger causing the victim's death. In his prior statements and at trial he disputed his criminal culpability for murder but never asserted he was not the perpetrator.

Petitioner has not and cannot demonstrate all the criteria set forth in 18 U.S.C. § 3600(a)(1). He is not entitled to the relief he requests.

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 7, for further DNA testing is denied.

Dated this 11th day of October, 2024.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge